IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TONITA HALL a/k/a LOUISE REDDITT, | : |
| Plaintiff, | : |
| VS. | : CASE NO. 5:11-CV-332 (MTT) |
| STATE OF GEORGIA, *et al.*, | : |
| Defendants. | : |

## **O R D E R**

Plaintiff Tonita Hall a/k/a Louise Redditt, an inmate at Arrendale State Prison, originally filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 in the United States District Court for the District of Columbia (ECF No. 1). Plaintiff also filed a motion to proceed *in forma pauperis* (ECF No. 2), which that court provisionally granted pending Plaintiff's submission of the required financial information (ECF No. 3). On August 4, 2011, Judge John D. Bates transferred Plaintiff's complaint to this Court (ECF No. 5). Plaintiff thereafter appealed the transfer, which the United States Court of Appeals for the District of Columbia Circuit construed as a petition for writ of mandamus (ECF No. 8). The Circuit Court requested that the transfer be delayed until it could rule upon Plaintiff's appeal. On March 26, 2012, the District of Columbia Circuit dismissed the mandamus petition. *See Hall v. Dir. of Risk Mgmt. Servs.*, No. 11-5225, slip op. at 1-2 (D.C. Cir. Mar. 26, 2012). The complaint is therefore ready for review by this Court.

## I. Motion to Proceed *In Forma Pauperis*

In reviewing the financial information Plaintiff submitted to the District of Columbia District Court (ECF No. 4), it appears that Plaintiff is unable to prepay the entire $350.00 filing fee. Plaintiff is nevertheless required to pay the full $350.00 filing fee in installments, as required by 28 U.S.C. § 1915(b)(1). Fees are not refundable, regardless of outcome. Plaintiff will therefore remain responsible for the entire $350.00, even if her lawsuit is dismissed prior to service. Plaintiff's "Account Statement" reveals that she received deposits totaling $700.00 between January and June 2011. In accordance with section 1915(b)(1)(A), it is hereby **ORDERED** that Plaintiff pay an initial partial filing fee of $23.33 to the Clerk of this Court. Alternatively, if Plaintiff wishes voluntary to dismiss this lawsuit and avoid responsibility for payment of the filing fee, she should so inform this Court.

## II. Order to Recast Complaint

Rule 8 of the Federal Rules of Civil Procedure requires a civil complaint filed in this Court to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Plaintiff's complaint is neither short nor plain. It comprises 64 pages, plus 104 pages of attachments. As this Court has characterized a prior complaint by Plaintiff, *Hall v. Fayette County, Georgia,* 5:11-cv-170 (MTT), the instant lawsuit constitutes a typical "shot gun" pleading.

The Eleventh Circuit Court of Appeals has repeatedly held pleadings such as Plaintiff's Complaint to be abusive. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir.2001) (listing cases). When confronted by shot gun complaints, district courts "have

the inherent authority to demand repleader *sua sponte*" so that the complaint complies with the requirement of Rule 8. *Id.* at 1284 & n.3 (11th Cir.2001); *see also Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir.2001) ("[S]hotgun pleadings . . . impede[] the due administration of justice and, in a very real sense, amount[] to an obstruction of justice.").

Additionally, Plaintiff sues numerous Defendants located, concerning events occurring, in several judicial districts. Rule 20(a)(2) prohibits joinder in a single lawsuit of unrelated claims and multiple defendants, unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." A claim arises out of the same transaction or occurrence only "if there is a logical relationship between the claims." *Constr. Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998). Plaintiff's complaint does not demonstrate a "logical relationship" among most of her claims.

Because Plaintiff is proceeding *pro se*, the Court will afford her the opportunity to recast her complaint. Plaintiff's recast complaint shall take the place of and supersede the original complaint. Plaintiff shall comply with the following guidelines in redrafting her complaint:

(1) The recast complaint shall consist of a completed new section 1983 form, along with no more than ten (10) additional pages.[1]

(2) The body of Plaintiff's recast complaint must contain sequentially numbered sections, each of which should address only one claim. Each

---

[1] The Clerk is **DIRECTED** to attach a standard section 1983 complaint form (with the civil action number written on it) to Plaintiff's copy of this Order.

        claim should contain sufficient facts to apprise the respective Defendants of the charges against them. The numbered sections should also include information such as (a) the date on which the claim arose, and (b) the names of every defendant involved in the claim. In order to comply with the page limitations set forth above, Plaintiff is encouraged to <u>limit</u> the number of defendants and claims set forth in the recast complaint so that she may comply with the page limitations imposed by this Order. If Plaintiff does not link a defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations in the body of her complaint against a named defendant, that defendant will be dismissed.

(3)    Plaintiff should assert in her recast complaint only claims arising in the Middle District of Georgia, *i.e.*, only claims relating to her confinement at Pulaski State Prison. If Plaintiff wishes to bring claims arising, and Defendants located, outside the Middle District, she must file a separate lawsuit in each applicable District Court. As this Court has previously informed Plaintiff, the Fayette County Detention Facility, Metro State Prison, and the West Central Pre-Release Center are all located in the Northern District of Georgia.

Plaintiff is further directed to notify the Court of any change of address. Plaintiff shall have twenty-one (21) days from the date of this Order to submit her recast complaint to the Clerk of Court, accompanied by the above required $23.33 initial partial filing fee. If Plaintiff fails to timely and fully comply with this Order, this action shall be dismissed.

There shall be **no service of process** on any defendant until further order of the Court.

SO ORDERED, this 10th day of April, 2012.

                                                  S/Stephen Hyles
                                                  UNITED STATES MAGISTRATE JUDGE