# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

TONITA HALL a/k/a          :
LOUISE REDDITT,            :
                           :
            Plaintiff,     :
                           :
vs.                        :          CASE NO. 5:11-CV-332-WLS-MSH
                           :                42 U.S.C. § 1983
Warden BELINDA DAVIS,      :
*et al.*,                  :
                           :
            Defendants.    :
_____

## ORDER AND RECOMMENDATION

While incarcerated in the Georgia prison system, Plaintiff filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff has been granted leave to proceed *in forma pauperis*.[1] After an initial review of her complaint, the Court determined that Plaintiff had submitted a "shotgun" pleading involving numerous Defendants located, and events occurring, in several judicial districts. The Court therefore directed Plaintiff to recast her complaint, which Plaintiff has done (ECF No. 16).

---

[1] This Court also required Plaintiff to submit an initial partial filing fee of $23.33. Plaintiff has responded that she has been released from custody on medical reprieve because of breast cancer and asks that the Court waive the partial filing fee (ECF No. 17). Plaintiff's request is hereby **GRANTED**. Plaintiff is nevertheless responsible for paying the entire $350.00. *See Gay v. Texas Dep't of Corr. State Jail Div.*, 117 F.3d 240, 242 (5th Cir.1997) (holding that a prisoner must pay the full filing fee for an action or appeal filed while incarcerated and that subsequent release does not obviate this obligation); 28 U.S.C. § 1915(b)(1).

## DISCUSSION

### I.      Standard of Review

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true.  *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).  Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal.  *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation).  *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II.    Analysis

In her recast complaint, Plaintiff sues 13 Defendants[2] with respect to events occurring at Pulaski State Prison ("PSP").  She raises the following claims:  (1) the improper processing of grievances filed by Plaintiff; (2) Plaintiff being exposed to

---

[2] In addition to the named Defendants, Plaintiff mentions numerous individuals in the body of her complaint.  The Court will not infer that Plaintiff intends to sue any of such individuals.

"sexual harassment" at the hands of other inmates and being placed in administrative segregation in retaliation for her complaining such activities; (3) Plaintiff being sexually harassed or assaulted by Defendant Counselor Frederick Johnson; and (4) the failure to diagnose and treat Plaintiff's breast cancer.  Each of these claims and, as best the Court can determine, the potentially responsible Defendants are discussed below.[3]

### A.    Grievances

Plaintiff alleges that various grievances she filed at PSP were not processed in accordance with the "GDOC grievance policy."  The Eleventh Circuit Court of Appeals has held, however, that "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure."  *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir.2011) (per curiam); *see also Jernard v. Comm'r, Ga. Dep't of Corr.*, 457 F. App'x 837, 840 (11th Cir.2012) (unpublished opinion) ("This Court has specifically held that there is no constitutionally-protected liberty interest in access to a grievance procedure provided for voluntarily by a prison.").  Therefore, the mere fact that prison officials failed to comply with the voluntary grievance procedures of the Georgia Department of Corrections ("GDOC") does not support a claim under section 1983.  In light of the foregoing, it is **RECOMMENDED** that this claim be **DISMISSED**.

---

[3] The Clerk is **DIRECTED** to strike from this action all Defendants named in Plaintiff's original complaint but not in her recast complaint, *i.e.*, all Defendants other than Warden Belinda Davis and the "Director of Risk Management Services."

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

B.      "Sexual Harassment" by Other Inmates and Retaliation

Plaintiff states that she was housed with homosexual inmates and exposed to homosexual activity.   After Plaintiff complained to PSP officials, her cellmates apparently urinated and defecated in Plaintiff's bed.  Plaintiff alleges that she was denied proper cleaning supplies and required to remain in the fouled cell, but does allege any action or inaction by any of the named Defendants with respect to this sanitation issue. Plaintiff further alleges that she was placed in administrative segregation by "security staff under the administration of Deputy Warden Amy Green" in retaliation for her complaints about other inmates.   She also states, however, that, when prison officials attempted to return her to the general population, Plaintiff was disciplined for refusing to leave administrative segregation.   Plaintiff does not allege that she experienced any physical contact from other inmates.

With the exception of Defendant Green, Plaintiff does not mention any of the Defendants named in the caption of her recast complaint in connection with this claim. "Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LaMarca v. Turner,* 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted); *see also Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003)

("The complaint must allege the relevant facts with some specificity. '[M]ore than mere conclusory notice pleading is required. . . .  [A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory.'").

Plaintiff's conclusory allegation that "security staff under the administration" of Green retaliated against Plaintiff is insufficient to state a claim against Green.  Plaintiff states no facts suggesting that Defendant Green personally participated in the alleged retaliation, and a supervisor is not liable under section 1983 merely by virtue of her supervisory position.  *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).  Instead, the supervisor must either personally participate in the unconstitutional conduct or there must be a causal connection between his acts and the alleged violation.  A supervisor may thus be liable only if he:  "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would."  *Gross v. White*, 2009 WL 2074234 at *2 (11th Cir. July 17, 2009) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007)).  "Supervisors are generally entitled to rely on their subordinates to respond appropriately to situations absent clear or widespread evidence to the contrary."  *King v. Henry*, 2011 WL 5877070 at *10 (N.D. Fla. Sept. 19, 2011).  The standard by which a supervisor may be held liable for the actions of subordinates is "extremely rigorous."  *Cottone*, 326 F.3d at 1360.

Moreover, Plaintiff makes only a conclusory allegation of retaliation—in the form of her placement in administrative segregation—which is undermined by Plaintiff's

subsequent refusal to leave administrative segregation. Even liberally construed in Plaintiff's favor, her recast complaint thus fails to state a cognizable harassment or retaliation claim against Green or any other named Defendant.

In light of the foregoing, it is hereby **RECOMMENDED** that the above claim and Deputy Warden Green be **DISMISSED WITHOUT PREJUDICE**.[4]

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

C.     Sexual Harassment by Counselor Frederick Johnson

Plaintiff alleges that between April and November 2011, Counselor Frederick Johnson made "several unwanted sexual remarks" and other advances toward Plaintiff. When Plaintiff refused, Johnson allegedly "made if difficult for [Plaintiff] to administer grievances and ignored the abuse and harassment [she] was being subjected to." Plaintiff further alleges that Johnson "put his genital in the Plaintiff's face while she was speaking with him through the food slot" of her cell.

The Court will allow this claim to go forward against Counselor Johnson.

D.     Medical Care

Plaintiff states that she reported a lump in her breast to Defendant Nurse Strath in February 2011, and that both Plaintiff and her mother voiced concerns that Plaintiff had

---

[4] Dismissal without prejudice is appropriate when a more carefully drafted *pro se* complaint might state a claim. *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. Apr. 29, 2010).

breast cancer to Defendants Medical Health Care Administrator Betty Rogers and Warden Belinda Davis.  Nurse Strath allegedly repeatedly told Plaintiff that she merely had a cyst in her breast.

Following Plaintiff's transfer to Lee Arrandale State Prison in late November 2011, Nurse Gillian Robinson (not named as a Defendant) allegedly told Plaintiff that she "had never seen anything as primitive as the lump in Plaintiff's left breast" and that "no medical personnel would believe the lump on plaintiff's breast was a cyst."  Plaintiff was subsequently diagnosed with "terminal" metastatic breast cancer.

Although it is not clear that Plaintiff has stated an Eighth Amendment claim for deliberate indifference to her serious medical need (as opposed to a claim for medical malpractice actionable only under state law), construing Plaintiff's allegations liberally in her favor, the Court will allow this claim to go forward against Defendants Strath, Rogers, and Davis.

E.     Dismissed Defendants

1.     *Governmental Entities*

None of the governmental entities that Plaintiff names as Defendants, *i.e.*, the State of Georgia, GDOC, and the Board of Regents - is a proper defendant in this action. *See, e.g., Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (state and its agencies are not "persons" for purposes of section 1983 liability); *Williams v. Bd. of Regents*, 477 F.3d 1282, 1301 (11th Cir. 2007) (Eleventh Amendment bars a section 1983 claim against the Board of Regents); and *Stevens v. Gay*, 864 F.2d 113, 115 & n.5 (11th

Cir. 1989) (Eleventh Amendment bars a section 1983 action against a State "regardless of whether the plaintiff seeks money damages or prospective injunctive relief").

It is therefore **RECOMMENDED** that these Defendants be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

> 2. *Deputy Warden Angela Grant*

Plaintiff's only claim against Grant is that she participated in the improper processing of Plaintiff's grievances.  Because Plaintiff's grievance claim is dismissed as discussed above, it is **RECOMMENDED** that Grant be **DISMISSED** as a Defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

> 3. *GDOC Commissioner Owens, "Director of Risk Management," and Board of Regents CEO Don Snell*

In addition to suing Owens and the "Director" in connection with the dismissed grievance claim, Plaintiff wishes to hold these Defendants and Snell liable for the alleged unconstitutional denial of her medical care.  She alleges no facts, however, suggesting that any of these individuals either knew about such denial or may be held liable as

9

supervisors under the standard discussed above. It is therefore recommended that Owens, "Director of Risk Management," and Snell be **DISMISSED** as Defendants.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### 4.    *Dr. Yvonne Nazair*

Plaintiff makes no allegations whatsoever against Defendant Dr. Nazair.  It is therefore **RECOMMENDED** that Nazair be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### CONCLUSION

It is RECOMMENDED that:

(1)    Plaintiff's claim relating to grievances be dismissed with prejudice;

(2)    Plaintiff's claims relating to "sexual harassment" by other inmates and retaliation be dismissed without prejudice;

(3)    Defendants Deputy Warden Amy Green and Dr. Yvonne Nazair be dismissed without prejudice; and

(4)    Defendants State of Georgia, GDOC, the Board of Regents, Deputy Warden Angela Grant, GDOC Commissioner Brian Owens, "Director of Risk Management," and Board of Regents CEO Don Snell be dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

It is ORDERED that:

(1)     Plaintiff's claims relating to sexual harassment by Counselor Frederick Johnson and denial of medical care be allowed to go forward; and

(2)     Service be made on the following Defendants: Counselor Frederick Johnson, Nurse Strath, Warden Belinda Davis, and Health Services Administrator Betty Rodgers.

Said Defendants should file an Answer or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.   Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## ORDER FOR SERVICE

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that she must diligently prosecute her complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

12

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's  answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

13

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

SO ORDERED and RECOMMENDED this 10th day of September, 2012.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE