**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

TONITA HALL a/k/a LOUISE REDDITT,

Plaintiff,

v.

BELINDA DAVIS, Warden, *et al*,

Defendant.

Case No. 5:11-cv-332 (WLS)

**ORDER**

Before the Court is a Report and Recommendation from U.S. Magistrate Judge Stephen Hyles, filed September 10, 2012. (Doc. 19). It is recommended that Plaintiff's claims related to prison-grievance procedure and her sexual harassment claims be dismissed without prejudice for failure to state a claim upon which relief can be granted. (*Id.* at 10.) Judge Hyles further recommends that Defendants Deputy Warden Amy Green and Dr. Yvonne Nazair be dismissed without prejudice and that Defendants State of Georgia, Georgia Department of Corrections, the Board of Regents, Deputy Warden Angela Grant, GDOC Commissioner Brian Owens, and Board of Regents CEO Don Snell be dismissed with prejudice. (*Id.*) Judge Hyles reasoned that the governmental entities are not "persons" for the purposes of Section 1983 liability and that Plaintiff failed to allege facts sufficient to implicate the other defendants. (*Id.* at 8–10.)

The Report and Recommendation provided the Parties with fourteen (14) days[1] from the date of its service to file written objections to the recommendations therein. (*Id.*). The period for

[1] The Parties were given an additional three days because service was made by mail. *See* Fed. R. Civ. P. 6(d) (adding three days to specified period within which a party may act if service is made under Rule 5(b)(2)(C) by mailing process to a party's last known address).

filing objections expired on Monday, September 27, 2012. Plaintiff timely filed her Objection on September 21, 2012. (Doc. 20). She makes the following arguments.

First, Plaintiff objects to Judge Hyles's recommendation that her claim regarding prison officials' failure to follow the grievance procedure failed to state a claim upon which relief may be granted. Plaintiff reasons that the magistrate judge ordered her to exhaust her grievance procedure but now "takes a different position." (Doc. 20 at 3.) She claims that defendants are liable for failure to train prison employees in the grievance procedure. (*Id.*) As Judge Hyles correctly found, however, inmates do not have a constitutionally protected liberty interest in prison-grievance procedures. *Bingham v. Thomas*, 654 F. 3d 1171, 1177–78 (11th Cir. 2011). Plaintiff's objection conflates the requirement that she exhaust her administrative remedies with the requirement that she state a legally cognizable claim. Exhausting administrative remedies is a prerequisite to filing suit, not a standalone claim.

Next, Plaintiff argues that Judge Hyles erred in finding that the complaint failed to allege sufficient facts to hold any of the named defendants liable in a supervisory capacity for sexual harassment and retaliation. Under Section 1983, a supervisor may be liable only if she (1) instituted a custom or policy that resulted in a violation of Plaintiff's constitutional rights, (2) directed her subordinates to act unlawfully, or (3) failed to stop her subordinates from acting unlawfully when she knew they would. *Gross v. White*, 340 F. App'x 527, 531 (11th Cir. 2009) (citing *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1331 (11th Cir. 2007)). In her complaint, Plaintiff made only passing references to any of the named defendants. (*See* Doc. 16 at 3.) Judge Hyles found, and the Court agrees, that the complaint lacks sufficient allegations to connect any of the defendants to her purported constitutional violations.

For the same reason, Judge Hyles properly recommended that the Court dismiss Grant, Nazair, Owens, and Snell from the action. Plaintiff's complaint, despite her objections to the contrary, contains no facts to hold those Defendants liable in a supervisory capacity for a deliberate indifference to her serious medical need. She does not allege that those Defendants personally participated in her medical care or had a practice or policy that contributed to a constitutional deprivation. To the contrary, Plaintiff seems to rely almost entirely on *respondeat superior* in her objection. Liability under Section 1983 requires more. *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) (quoting *H.C., by his next friend & att'y, Hewett v. Jarrard*, 786 F.2d 1080, 1086 (11th Cir. 1986)).

Plaintiff's remaining objections regarding the State of Georgia, the Medical College of Georgia, the Board of Regents, and the GDOC are without merit. In her objection, she fails to address Judge Hyles's finding that her suit against these Defendants is barred by the doctrine of sovereign immunity. The Eleventh Circuit has held that all of government entities named in Plaintiff's complaint are arms of the state for the purposes of Section 1983 liability. *Williams v. Bd. of Regents of Univ. of Sys. of Ga.*, 477 F.3d 1282, 1301 (11th Cir. 2007). Accordingly, the state and its entities are not proper defendants to this suit.

Accordingly, Plaintiff's Objection (Doc. 20) is **OVERRULED**, and U.S. Magistrate Stephen Hyles's September 10, 2012 Report and Recommendation (Doc. 19) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein.  The Court therefore **DISMISSES WITH PREJUDICE** Plaintiff's claim relating to grievances. Her claims related to sexual harassment by other inmates and retaliation are **DISMISSED WITHOUT PREJUDICE**. Likewise, all counts against Defendants Deputy Warden Amy Green and Dr. Yvonne Nazair are **DISMISSED WITHOUT PREJUDICE.** Defendants State of Georgia, GDOC, the Board of

Regents, Medical College of Georgia, Deputy Warden Angela Grant, GDOC Commissioner Brian Owens, and Board of Regents CEO Don Snell are **DISMISSED WITH PREJUDICE.**

**SO ORDERED**, this 12th day of October 2012.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**