IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TONITA HALL a/k/a LOUISE REDDITT, | : : : |
| Plaintiff, | : : |
| vs. | : CASE NO. 5:11-CV-332-WLS-MSH : 42 U.S.C. § 1983 |
| Warden BELINDA DAVIS, *et al.*, | : : : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

Presently pending before the Court is Defendants' motion to dismiss (ECF No. 32) for multiple reasons, among them failure of the Plaintiff to exhaust her administrative remedies. For the following reasons, it is recommended that Defendant's motion be granted and Plaintiff's complaint be dismissed for failure to exhaust her administrative remedies.

## BACKGROUND

Plaintiff's complaint was originally filed in the United States District Court for the District of Columbia on June 21, 2001 (ECF No. 1). That court granted Plaintiff's motion to proceed IFP and transferred the action to this district. After an amended complaint (ECF No. 16) was filed, the Court conducted a preliminary review. The following claims remain pending after preliminary review: sexual harassment against counselor Frederick Johnson and deliberate indifference to her serious medical needs by

Defendants Nurse Strath, Health Services Administrator Betty Rogers, and Warden Belinda Davis. The remaining Defendants moved to dismiss claiming, *inter alia*, that Plaintiff has failed to exhaust her administrative remedies.[1] In response, Plaintiff claims that the grievance process was made unavailable to her. (Mem. in Opp'n to Mot. to Dismiss 5-8, ECF No. 35.) This motion is now ripe for review.

## DISCUSSION

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted). The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]"). Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings. *Id.* at 1376.

---

[1] Because the Court finds that Plaintiff has failed to exhaust her administrative remedies, the Court declines to address Defendants' other arguments concerning dismissal.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.* If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id.* "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* The defendant bears the burden of proof during this second step. *Id.*

Defendants move to dismiss for lack of exhaustion claiming that Pulaski State Prison had a grievance procedure in place, but that Plaintiff failed to utilize all steps of this procedure. (Defs.' Br. in Supp. of Mot. to Dismiss 9-12, ECF No. 32-1.) Plaintiff states in her Amended Complaint that she exhausted all available administrative remedies. (Am. Compl. 2-3, ECF No. 16.) Furthermore, in her response to the motion to dismiss, Plaintiff argues that, to the extent that she may not have exhausted the administrative remedies, Pulaski State Prison made the grievance procedure unavailable to her. (Mem. in Opp'n to Mot. to Dismiss 5-8.) Because at the first stage of the exhaustion analysis the Court must take Plaintiff's version of the facts as being true, the Court will assume that Plaintiff has created a question of fact regarding the availability of the administrative remedies. *Turner*, 541 F.3d at 1082; *see also Dollar v. Coweta Cnty. Sheriff Office*, 446 F. App'x 248, 251-52 (11th Cir. 2011). Thus, Plaintiff's Complaint cannot be dismissed for lack of exhaustion at this first step.

Since the Complaint was not dismissed at the first step, the Court can then make factual findings relating to exhaustion. A defendant bears the burden of establishing a lack of exhaustion at the second step of the inquiry. *Turner*, 541 F.3d at 1082-83. The Defendants here have met that burden.

Defendants have established that Pulaski State Prison uses the Georgia Department of Corrections' Standard Operating Procedures (SOP) regarding grievances. (Christian Aff. ¶¶ 3-4 & Attach. A, Nov. 26, 2012, ECF Nos. 32-2, 32-3.) The SOP mandates that an inmate must follow a three-step process in order to exhaust his remedies: file an informal grievance, file a formal grievance, and file an appeal. (*Id.* ¶ 5, Ex. A-1 at 5-9.) "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules[.]" *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citation omitted). Thus, in order for Plaintiff to have exhausted her administrative remedies, she needed to have filed an informal grievance, formal grievance, and appeal concerning her sexual harassment and deliberate indifference claims prior to filing this action. *See, e.g., Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) ("[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure *before* pursuing a § 1983 lawsuit." (emphasis added)).

Plaintiff filed only two grievances at Pulaski State Prison prior to the filing of this lawsuit.[2]  (Christian Aff. ¶¶ 19-20, Attach. C at 3-4.)  Those informal grievances concerned Plaintiff's failure to receive money sent to her from her daughter (Christian Aff. ¶ 19) and the failure of the prison law library to provide Plaintiff with appropriate legal forms.  (*Id.* ¶ 20.)  Plaintiff claims in response that she attempted to file grievances concerning her claims and that she wrote letters concerning her lack of medical treatment.  (Mem. in Opp'n to Mot. to Dismiss 4-5.)  As evidence of this, Plaintiff presents several grievances filed by her at Pulaski State Prison, including several that were properly appealed, witness statements by Plaintiff, and a letter sent to the warden concerning her medical treatment.  (*See generally* Attachments to Mem. in Opp'n to Mot. to Dismiss, ECF Nos. 36-54.)

The letter referenced by Plaintiff was sent to Warden Davis on July 28, 2011 complaining that Plaintiff was charged a co-pay for her medical visit and that Plaintiff has not been seen by a specialist.  (Mem. in Opp'n to Mot. to Dismiss Attach. A9, ECF No. 43-2.)  This letter is irrelevant to whether Plaintiff exhausted her administrative remedies because it was sent well after Plaintiff filed this action and is not in compliance with the Pulaski State prison grievance procedures.  Likewise, the other grievances submitted by Plaintiff were filed after the filing of this lawsuit.  For example, Plaintiff submitted an informal grievance filed on July 28, 2011, and formal grievance filed on

---

[2] Plaintiff signed her original complaint on June 1, 2011, but it was not received or filed by the District of Columbia until June 21.  (Compl. 5, 1, ECF No. 1.)  The Court assumes, solely for purposes of this case, that Plaintiff had to exhaust her administrative remedies before the action was filed with the court on June 21, 2011.

August 15, 2011, concerning her claim that she was not properly receiving medical treatment. (Mem. in Opp'n to Mot. to Dismiss Attach. P, ECF No. 51-3.) Plaintiff also fully appealed several of the grievances she submitted which do not concern the claims made in this action. (*See, e.g.,* Mem. in Opp'n to Mot. to Dismiss Attach. A3, A3a, A5, ECF Nos. 40, 41-2, 42-1.)

This evidence submitted by Plaintiff supports Defendants' position that Plaintiff failed to exhaust her administrative remedies and that those remedies were available to her. Plaintiff's submissions show that she knew there was a grievance procedure, that she had access to that grievance procedure, and that she was able to completely exhaust her administrative remedies for grievances concerning other claims filed after this lawsuit was initiated. Defendants have submitted evidence that shows that Plaintiff had an available administrative process that she failed to exhaust. (*See generally* Christian Aff.) Plaintiff has not produced any grievance concerning the instant claims that was filed prior to this lawsuit. Additionally, she has not produced any grievance concerning her claims that was taken completely through the appeals process. Plaintiff here did not follow the grievance procedures and failed to exhaust her administrative remedies regarding her sexual harassment and deliberate indifference claims. Consequently, Defendants' motion seeking dismissal for failure to exhaust should be granted.

## CONCLUSION

For the reasons explained above, Defendants' motion to dismiss should be granted for Plaintiff's failure to exhaust her administrative remedies. WHEREFORE, IT IS HEREBY RECOMMENDED that Defendants' Motion to Dismiss (ECF No. 32) be

GRANTED. Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within FOURTEEN (14) DAYS after being served with a copy hereof.

SO RECOMMENDED, this 15th day of August, 2013.

S/ Stephen Hyles<br>
UNITED STATES MAGISTRATE JUDGE