IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TONITA HALL a/k/a LOUISE REDDITT,

    Plaintiff,

v.

Warden BELINDA DAVIS *et al*,

    Defendants.

Case No.: 5:11-CV-332 (WLS)

## ORDER

This is a 42 U.S.C. § 1983 case against the warden, the health services administrator, a counselor, and a nurse at Pulaski State Prison. The matter is before the Court on a Report and Recommendation from U.S. Magistrate Judge Stephen Hyles on the Defendants' motion to dismiss. (Doc. 58.) The Magistrate Judge recommends the Court dismiss Plaintiff Tonita Hall's remaining claims—Eighth Amendment sexual harassment and deliberate indifference to a serious medical need—for failure to exhaust administrative remedies. Hall objects to the recommendation. (Docs. 59, 60.) Because the Court agrees with the magistrate judge that Hall failed to follow the Georgia Department of Corrections' administrative grievance process, the Court adopts the recommendation and dismisses the remaining claims.

The Prison Litigation Reform Act requires inmates to exhaust administrative remedies before filing suit under section 1983. 42 U.S.C. § 1997e(a). As the magistrate judge noted, "when a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." (Doc. 58 at 2 (quoting *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir.

2005).) It is plain from Defendants' and Hall's exhibits that Hall did not exhaust her administrative remedies as to the two claims she now pursues.

In her objection, rather than responding to the merits of the Report and Recommendation, Hall levies ad hominem attacks against the magistrate judge and defense counsel. She claims the magistrate judge was biased and that defense counsel submitted perjurious statements for the Court's review. Hall provides nothing to support these bald allegations. She also recites law regarding how to state a deliberate indifference claim. Although Hall makes passing allegations about access to the grievance process, she does not provide a shred of evidence to support such a claim. And the fact that she frequently filed grievances on other issues directly contradicts it. At bottom, Hall did not submit evidence she exhausted her administrative remedies or should be excused from doing so.

The Court finds that the magistrate judge's recommendation (Doc. 58) should be, and hereby is, **ACCEPTED, ADOPTED**, and made the Order of this Court for the reason of the findings made and reasons stated therein, together with the findings made, reasons stated, and conclusions reached herein. Defendants' Motion to Dismiss (Doc. 32) is **GRANTED**. Hall's remaining claims are **DISMISSED**. Judgment shall be entered in favor of Defendants. Hall's remaining motions (Docs. 61, 62) are **DENIED** as moot.

**SO ORDERED**, this   20th   day of September 2013.

                                          /s/ W. Louis Sands  
                                       **THE HONORABLE W. LOUIS SANDS,**  
                                       **UNITED STATES DISTRICT COURT**